PER CURIAM.
We reverse the trial court’s denial of appellant’s sworn Florida Rule of Criminal Procedure 3.801 motion which sought additional jail credit. The trial court denied the motion as time barred under rule 3.801, but the motion was filed on September 27, 2013 — within the grace period recently added to the rule. In re Amendments to Fla. Rules of Criminal Proce *1223 dure, 132 So.3d 734 (Fla.2013). Under the rule as amended, defendants sentenced before July 1, 2013, have until July 1, 2014 to file a rule 3.801 motion seeking jail credit. Fla. R.Crim. P. 3.801(b).
In response to our order to show cause, the State argues that the jail credit claim is barred as successive because appellant allegedly sought the same jail credit in a rule 3.800(b)(2) motion to correct sentencing error. See Fla. R.Crim. P. 3.801(d) (“No successive motions for jail credit will be considered.”). The record in this proceeding does not support affirmance on this basis as appellant states that the prior motion was based upon incorrect information. Appellant has not previously filed a motion for jail credit under rule 3.801.
We reverse and remand for further proceedings. On remand, the State may raise its argument that appellant’s claim for jail credit is barred by collateral estoppel.

Reversed and Remanded.

DAMOORGIAN, C.J., STEVENSON and CONNER, JJ., concur.