WALLACE, Judge.
Ronald James Homer timely appeals the order summarily denying his motion for jail credit filed under Florida Rule of Criminal Procedure 3.801. We reverse and remand for further proceedings.
Mr. Homer was convicted after a jury trial in 2002 of sexual activity with a child, and the trial court sentenced him to thirty years’ imprisonment with 364 days of jail credit. In his rule 3.801 motion, he argued that he was entitled to 727 days of credit from his arrest on March 9, 1999, to his release on bond on March 5, 2001. He attached a “collateral receipt and informational notice,” dated March 5, 2001, listing All American Bail Bonds, Inc., as the agent for the surety on the bond in support of his allegation that he was released on bond on March 5, 2001. Mr. Homer also attached a printout from the Pinellas County Justice Information System (PCJIS) showing that he was released on bond to All American on March 5, 2000. He contended that the PCJIS was incorrect.
The postconviction court dismissed Mr. Homer’s motion as successive based on his having sought the same relief in a motion filed under Florida Rule of Criminal Procedure 3.800(a) that was denied in 2013. The 2013 order states that Mr. Homer requested jail credit from March 9, 1999, through February 2001. The order denied Mr. Homer’s request, finding that the record reflected that he was released on bond on March 5, 2000, and was taken back into custody for one day for sentencing on May 2, 2002, for a total of 364 days of credit.
In the motion at issue in this appeal, Mr. Homer requested more jail credit than he did in his prior motion. In addition, his prior motion was filed under rule 3.800(a). This situation is similar to that in Moore v. State, 138 So.3d 1222 (Fla. 4th DCA 2014). In that case, the Fourth District ordered the State to show cause, apparently because the postconviction court improperly denied Mr. Moore’s rule 3.801 motion as untimely. The State argued that the motion was barred as successive because Mr. Moore sought the same jail credit in a rule 3.800(b)(2) motion to correct sentencing error. The Fourth District rejected the State’s position because Mr. Moore stated that his prior motion was based on incorrect information and because he had not previously filed a motion for jail credit under rule 3.801. It reversed and remanded for further proceedings, stating that the State could assert its position on remand. Id. at 1223.
The 2013 order denying Mr. Homer’s rule 3.800(a) motion states that he sought jail credit through February 2001, and Mr. Homer now seeks credit through March 5, 2001, based on a receipt of that date from All American Bonds, which appears to conflict with the PCJIS. We note that receipt was not mentioned in the 2013 order. We *267 also note that the Pinellas County docket for Mr. Homer’s case contains no activity docketed on March 5, 2001, but under the section on bonds, it lists an “open bond” with a date of March 5, 2001. Accordingly, we reverse and remand for further proceedings on Mr. Homer’s motion for jail credit because the record before this court does not conclusively refute the motion. See Fla. R.Crim. P. 3.801(e) (incorporating subdivision (f) of rule 3.850).
Reversed and remanded.
ALTENBERND and KHOUZAM, JJ., Concur.